FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:18-CR-00232-TOR-1 |
| Plaintiff, | No. 2:19-CR-00021-TOR-1 |
| v. | ORDER FOLLOWING PRETRIAL RELEASE REVOCATION HEARING AND GRANTING THE UNITED STATES' MOTION FOR DETENTION |
| WILLIAM OLDHAM MIZE, IV, | |
| Defendant. | ORDER REVOKING PRETRIAL RELEASE |
| | **ECF Nos. 1018/37** |

On Wednesday, January 31, 2024, Defendant appeared for a pretrial release revocation hearing pertaining to a Petition filed on July 10 and 19, 2019, (ECF No. 492/20, Violation Nos. 1–2). Defendant was represented by court-appointed attorney Andrew Wagley. Assistant United States Attorney Dan Fruchter represented the United States.

A defendant who violates a condition of pretrial release "is subject to a revocation of release, an order of detention, and a prosecution for contempt of

ORDER - 1

court." 18 U.S.C. § 3148(a). Judicial officers are directed to use a two-prong analysis when determining whether to revoke and detain or to continue and release.

First, the judicial officer shall determine whether there is either (A) "probable cause to believe that the person has committed a Federal, [Tribal,] State, or local crime while on release," or (B) "clear and convincing evidence that the person has violated any other condition of release." § 3148(b)(1).

Second, the judicial officer shall determine whether (A) "based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community," or (B) "the person is unlikely to abide by any condition or combination of conditions of release." § 3148(b)(2).[1]

Here, as to the first prong, Defendant did not admit or deny Violation Nos. 1–2. However, in light of the new indictments returned against Defendant in Case Nos. 20cr144TOR-1 and 20cr145TOR-1, the Court finds that there is probable cause to believe that Defendant has committed a federal, tribal, state, or local crime while on release.

---

[1] The alternative finding that a defendant is unlikely to comply with available release conditions need only be established by a preponderance of the evidence. *See United States v. Gotti*, 794 F.2d 773, 777 (2d Cir. 1986).

ORDER - 2

As to the second prong, the United States has invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3148(b). In such a presumption case, the Court presumes "that no condition or combination of conditions will assure that the [defendant] will not pose a danger to the safety of any other person or the community" if there is probable cause to believe that the defendant committed a federal, tribal, state, or local felony. 18 U.S.C. § 3148(b). Having already found probable cause to believe that Defendant committed a felony under federal law, the Court agrees that the rebuttable presumption applies in the instant case.

Although the presumption of dangerousness shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's risk of flight and danger to the community remains with the Government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3148(b), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *See id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

Upon considering the § 3148(b) presumption alongside the factors set forth in 18 U.S.C. § 3142(g), the Court finds that no conditions or combination of conditions can presently be crafted to assure that Defendant will not flee or pose a

ORDER - 3

danger to any individual or the community. Furthermore, the Court finds that even if conditions or a combination of conditions could be crafted, Defendant is unlikely to abide by them.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 1018/37**) is **GRANTED**.

2. Defendant's conditions of pretrial release are **REVOKED**.

3. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

4. Any motion to reopen the issue of detention pursuant to 18 U.S.C. § 3142(f) shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United

ORDER - 4

States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

    5.    If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel.  LCrR 46(k)(1).  The party shall then promptly file a motion for review before the assigned District Judge.  LCrR 46(k)(3).  If the case has not yet

ORDER - 5

been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge. *Id*.

**IT IS SO ORDERED.**

DATED February 6, 2024.



                              ALEXANDER C. EKSTROM
                         UNITED STATES MAGISTRATE JUDGE

ORDER - 6