```
 1  Vanessa R. Waldref
    United States Attorney
 2  Dan Fruchter
 3  Jeremy J. Kelley
    Assistant United States Attorney
 4  United States Attorney's Office
 5  Eastern District of Washington
    Post Office Box 1494
 6  Spokane, WA 99210-1494
 7  Telephone:  509-835-6356
```

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM OLDHAM MIZE, IV,<br><br>    Defendant. | CASE NO.  2:18-cr-00232-TOR<br><br>United States' Unopposed Motion to Forfeit Bond |

  The United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Dan Fruchter and Jeremy J. Kelley, Assistant United States Attorneys, respectfully submits the following Motion to Forfeit Bond.  Andrew M. Wagley, as counsel for Defendant William Oldham Mize, IV, has reviewed this motion and proposed order and does not oppose issuance of the proposed order.

UNITED STATES' UNOPPOSED MOTION TO FORFEIT BOND - 1

## I. BACKGROUND

Defendant was initially charged by the Grand Jury in December 2018 with a 101-count Indictment charging wire fraud, mail fraud, conspiracy, and money laundering. ECF No. 1. On January 9, 2019, Defendant made his initial appearance on the charges in the presence of counsel. ECF No. 78. Defendant was released on conditions and a $750,000 unsecured appearance bond, which he agreed would be forfeited if he failed (1) to appear for court proceedings; (2) to surrender to serve a sentence; or (3) to comply with all conditions set forth in the Order Setting Conditions of Release. ECF No. 86. Defendant was further informed of the following information about forfeiture of the bond:

> **Forfeiture or Release of the Bond**
>
> *Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

*Id.* Defendant then signed the appearance bond, acknowledging he had reviewed and agreed to the terms of the appearance bond:

> *Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.
>
> I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)
>
> Date 1-9-19                              /s/ [Defendant's signature]

*Id.*

On January 9, 2019, Defendant also executed an AO 199c advise of penalties and sanctions form, which further articulated that any bond would be subject to forfeiture for failing to appear:

UNITED STATES' UNOPPOSED MOTION TO FORFEIT BOND - 2

> A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.
>
> **Acknowledgment of the Defendant**
>
> I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.
>
> Interpreted by (if applicable):
>
> _N.A._                                           _[signature]_
> (Sign and Print Name)                            Defendant's Signature

ECF No. 81.

On January 23, 2019, the Grand Jury retuned a second Indictment separately charging Defendant with three felony counts of making and subscribing a false income tax return. 2:19-CR-00021, ECF No.1. The tax fraud Indictment was later consolidated with the 2018 Indictment upon Defendant's motion. 2:19-CR-00021, ECF No. 16.

On or about July 5, 2019, shortly before an ordered appearance at a pretrial conference scheduled for July 18, 2019, Defendant absconded from supervision and fled the district. *See* ECF No. 492. Violation petitions were filed against Defendant in both cases, for which warrants were issued. *Id.*; 2:19-CR-00021, ECF No. 2. The Grand Jury also returned two additional Indictments charging Defendant with failure to appear. 2:20-CR-0144, ECF No. 2; 2:20-CR-00146, ECF No. 2. Warrants were also issued in both of those cases.

For nearly four-and-a-half years, between July 2019 and November 2023, Defendant failed to appear and evaded law enforcement. ECF No. 1015. Defendant was detained and transported to the Eastern District of Washington, where the United States moved for his further detention, proffering information to the Court regarding Defendant's conduct in Florida. ECF No. 1018. On January 29, 2024, Defendant appeared in the Eastern District of Washington, at which point he was ordered detained pending trial in these matters. ECF Nos. 1019, 1026.

UNITED STATES' UNOPPOSED MOTION TO FORFEIT BOND - 3

## II. APPLICABLE LAW

A bail bond is considered to be "a contract between the government and the defendant and his surety." *United States v. Plechner*, 577 F.2d 596, 598 (9th Cir. 1978) (citing *United States v. Gonware*, 415 F.2d 82, 83 (9th Cir. 1969)). Its purpose is to provide a disincentive for a pretrial criminal defendant to "flee or hide himself" in that is it assumed "the threat of forfeiture of one's goods will be an effective deterrent to the temptation to break the condition of one's release." *Bandy v. United States*, 81 S. Ct. 197, 197 (1960).

Under the Federal Rules of Criminal Procedure, "[t]he court must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1). The Court does not have discretion over whether to forfeit a bond; "forfeiture is thus mandatory." *United States v. Nguyen*, 279 F.3d 1112, 1115 (9th Cir. 2002) (citing *United States v. Abernathy*, 757 F.2d 1012, 1015 (9th Cir. 1985)).

"A declaration of forfeiture is the first of several steps leading to actual forfeiture" of the bond under Rule 46. *United States v. Vaccaro*, 931 F.2d 605, 606 (9th Cir. 1991). Following a declaration of forfeiture, the Court "may set aside in whole or in part a bail forfeiture upon any condition the court may impose if . . . it appears that justice does not require bail forfeiture." Fed. R. Crim. P. 46(f)(2)(B).[1] If the court does not set aside or reduce the bail forfeiture, it "must, upon the government's motion, enter a default judgment." Fed. R. Crim. P. 46(f)(3)(A). After entering a default judgment, the court "may remit in whole or in part the judgment under the same conditions specified in Rule 46(f)(2)." Fed. R. Crim. P. 46(f)(4).

In the Ninth Circuit, courts are guided by the following six non-exhaustive factors in deciding whether or not to remit or set aside forfeiture of bail:

> 1) the defendant's willfulness in breaching a release condition; 2) the sureties' participation in apprehending the defendant; 3) the cost,

---

[1] As there are no sureties for the appearance bond in this matter, Rule 46(f)(2)(A) does not apply.

UNITED STATES' UNOPPOSED MOTION TO FORFEIT BOND - 4

> inconvenience, and prejudice suffered by the government; 4) mitigating factors; 5) whether the surety is a professional or a member of the family or a friend; and 6) the appropriateness of the amount of the bond.

*Nguyen*, 279 F.3d at 1115–16 (quoting *United States v. Amwest Surety Ins. Co.*, 54 F.3d 601, 603 (9th Cir. 1995)). The factors are non-exclusive and need not all "be resolved in the government's favor." *Id.* at 1116 (quoting *United States v. Sar–Avi*, 255 F.3d 1163, 1167 (9th Cir. 2001)). Furthermore, "[t]he party seeking to have the court set aside or remit the forfeiture bears the burden of establishing grounds for such action." *United States v. Logan*, No. 95CR1468–IEG, 2009 WL 1605326, at *1 (S.D. Cal. June 5, 2009) (*citing United States v. Cervantes*, 672 F.2d 460, 461 (5th Cir. 1982) ("The burden of establishing grounds for a set aside or remission is on the party challenging the forfeiture.")); *see also United States v. Gambino*, 17 F.3d 572, 574 (2d Cir. 1994) ("The burden of establishing grounds for remission is on the party challenging the forfeiture." (*citing United States v. Egan*, 394 F.2d 262, 267 (2d Cir. 1968))).

Certain factors listed above are not relevant in this matter as there were no sureties for Defendant's bond, which was also unsecured. The relevant factors, however, weigh heavily in supporting forfeiture of the entire bond amount.

Significantly, Defendant willfully absconded from pre-trial supervision despite knowing that a consequence of this action would be the forfeiture of his bond. Defendant remained at large for nearly four-and-a-half years, during which time he lived under an assumed identity. Shortly before he was apprehended in Florida, the Defendant listed the boat he was living on for sale on Craigslist and indicated in the listing that he would be leaving the state. It is clear that Defendant willfully engaged in extensive efforts to evade justice and would still be at large had concerned citizens not reported his location to law enforcement. This factor weighs heavily in support of forfeiting the entire $750,000 bond.

The cost, inconvenience, and prejudice suffered by the government is substantial. Resolution of this matter, by plea or trial, has been for years. In the

interim, the government has exerted significant resources in attempts to locate Defendant. At this point, the government is prejudiced by attempting to relocate and contact dozens of witnesses and co-defendants that have potentially moved multiple times. At least one co-defendant who the United States would have expected to testify at a trial has died since Defendant absconded. It is possible that the government may not be able to locate and present testimony from other witnesses. The government is also prejudiced as witness memory and other evidence may have been impacted by the delay. The substantial cost, inconvenience, and prejudice suffered by the government in this lengthy delay also supports full forfeiture of the bond.

The bond amount of $750,000 is appropriate to address the Defendant's wilful and prolonged violation of his release from pre-trial custody. The underlying insurance fraud scheme yielded millions of dollars for Defendant and his co-defendants. As alleged by the United States and agreed to by other co-defendants when resolving their cases, the total loss in this matter is estimated to be $5,599,026.44. Defendant himself used funds from the fraud scheme to purchase real property, luxury automobiles, and boats. Given the extensive financial gains Defendant made as a result of the scheme, the $750,000 bond was appropriate at the time it was imposed. Even while at large, Defendant purchased and lived aboard a 43-foot Viking boat, which he later posted for sale for $47,500. When that boat was searched, agents found more than $25,000 in cash and thousands of dollars in poker chips. As such, full forfeiture of the $750,000 bond amount remains appropriate.

Finally, the United States has not identified any relevant mitigating circumstances that would warrant setting aside or remitting any portion of the bond. Defendant made no efforts to contact the Court or the return following his initial flight from justice. He would, in fact, still be at large, but for notification from the public. During the last four-and-a-half years, Defendant lived freely under an

assumed identity while all his other co-defendants were sentenced and served terms of imprisonment.

Declaration of forfeiture of the bond in this matter is mandatory under Rule 46(f)(1). There are no reasons to set aside the forfeiture in whole or in part under Rule 46(f)(2). The government therefore requests the Court enter a default judgment against Defendant in the amount of $750,000 under Rule 46(f)(3)(A). Finally, there are no grounds upon which to remit that judgement in whole or in part under Rule 46(f)(4). As such, the government respectfully requests the Court declare the $750,000 bond forfeited and enter a default judgement against Defendant in that amount. The Defendant, through his counsel, has reviewed this motion and does not oppose the proposed forfeiture.

Dated this 23rd day of October, 2024.

Respectfully submitted,

VANESSA WALDREF
United States Attorney

/s/ Jeremy Kelley
Jeremy J. Kelley
Dan Fruchter
Assistant United States Attorney
UNITED STATES' UNOPPOSED MOTION TO FORFEIT BOND - 7

# CERTIFICATE OF SERVICE

I hereby certify that on October 23rd, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to noticed counsel.

/s/ Jeremy J. Kelley
Jeremy J. Kelley
Assistant United States Attorney

UNITED STATES' UNOPPOSED MOTION TO FORFEIT BOND - 8